W. GLEN VOGEL AND OKARCHE M. VOGEL, HUSBAND AND WIFE, PETITIONERS AND APPELLANTS, *v.* THE BOARD OF COUNTY COMMISSIONERS OF GALLATIN COUNTY, MONTANA, ET AL., RESPONDENTS AND RESPONDENTS.

No. 11876.
Decided March 16, 1971.
Rehearing Denied April 13, 1971,
483 P.2d 270.

Lyman H. Bennett, Jr., argued, Bozeman, for appellants.

Berg, O'Connell, Angel & Andriolo, Bozeman, Ben E. Berg, Jr., argued, Bozeman, McKinley Anderson, Jr., argued, Bozeman, for respondents.

MR. JUSTICE DALY delivered the Opinion of the Court.

Appellants, W. Glen Vogel and Okarche M. Vogel, husband and wife, brought a petition for a writ of mandate in the district court to compel the respondents, Harold Fryslie, City Manager and Director of Public Service of the city of Bozeman; Ralph Armstrong, Clifford Pasha and Leslie O. Anderson, as the board of county commissioners of Gallatin County, to approve appellants' map of 0.950 acres of land lying within three miles of the city limits of the city of Bozeman, a duty specifically required by law upon their respective offices. The application for the writ was also directed against Carl L. Stucky, county clerk and recorder of Gallatin County, to compel the recording of appellants' deed and map.

David Vogel, Sr., appellants' father, gave and transferred to appellants by warranty deed dated October 3, 1969, a tract of land containing 0.950 acres carved out of his farm. This tract fronts on Bridger Highway on the north, joins Green Acres Subdivision on the east; directly across Bridger Highway

to the north is the Ed Vogel Subdivision, a suburban residential area having direct access to Bridger Highway. Vogel Sr. gave the property to his son for the purpose of constructing a home which was underway at the time appellants presented their deed and plat to respondents.

Green Acres, which joins this property on the east has reserved a 40 foot frontage road easement to the south of Bridger Highway designed to provide limited access to Bridger Highway for traffic safety purposes.

Appellants presented their map of the area and deed for recording under section 11-614, R.C.M.1947, as an irregularly shaped tract. Section 11-614, R.C.M.1947, provides:

"Small and irregularly shaped tracts must be platted, surveyed and certified before sale. Any person who desires to subdivide and sell or transfer any tract of land in small tracts, such as orchard tracts, vineyard tracts, acreage tracts, suburban tracts, or community tracts, containing less than the United States legal subdivision of ten (10) acres, or who shall subdivide and/or sell or transfer any irregularly shaped tract of land, the acreage of which cannot be determined without a survey, must cause the same to be surveyed, platted, certified, and filed in the office of the county clerk and recorder of the county in which said land lies, according to the provisions of this chapter before any part or portion of the same is sold or transferred; except that it will not be necessary to comply with the provisions of this chapter relating to parks and playgrounds, and such sales or transfers must be made by reference to the plat on file and the numbers of the lots and blocks. It is unlawful for any further sales to be made without a full compliance with the provisions of this chapter, and the surveying and platting of the whole tract, showing the lots sold before the filing of the plat; provided further that until the filing of such plat, or survey, the county clerk of any county shall not record any deed which conveyed, or purports to convey, any irregular shaped tract or part of land or parcel

of any such platted tract or tracts of less than the United States legal subdivision of ten (10) acres, unless the person presenting such deed for record also delivers to such county clerk for filing a plat or map which has been prepared by a surveyor or civil engineer, which plat or map shall show with particularity the legal description, and area of the land to be conveyed, except that no map or plat shall be required in those cases where the parcel of land being conveyed has been previously conveyed by deed or other instrument recorded ten (10) years or more prior to the passage of this act."

Appellants urge that section 11-614 is controlling with respect to irregular shaped tracts of less than ten acres inasmuch as there was no indication that the property was being subdivided or platted for building purposes. They further maintain that section 11-614.1, R.C.M.1947, has no application. That section provides:

"Aproval of plats before filing—by whom to be done. The city or town council, if the area lies within or partly within the boundaries of any city or town, or the board of county commissioners, if the area lies wholly outside the boundaries of any city or town, shall inspect all plats prepared under the provisions of section 11-614 and indicate their approval thereon in writing before the county clerk and recorder shall accept said plats for filing. In all cases where the survey plat indicates that the property is being *subdivided or platted for building purposes,* the city or town council or the board of county commissioners, as the case may be, may require the plat to be prepared in accordance with all the requirements for plats of cities or towns or additions thereto." (Emphasis supplied).

Upon this premise it was argued that respondent Harold Fryslie, Director of Public Service for the city of Bozeman, had no jurisdiction to act under section 11-3305, R.C.M.1947, which provides:

"Director of public service as supervisor of plats—powers and duties. The director of public service shall be the super-

visor of plats of the municipality. He shall see that the regulations governing the platting of all lands require all streets and alleys to be of proper width, *and to be coterminous with the adjoining streets* and alleys, and that all other regulations are conformed with. Whenever he shall deem it expedient to plat any portion of the territory within the corporate limits, in which the necessary or convenient streets and alleys have not already been accepted by the municipality so as to become public streets or alleys, or when any person plats any land within the corporate limits or within three miles thereof, the supervisor of plats shall, if such plats are in accordance with the regulations prescribed therefor, endorse his written approval thereon. No plat subdividing lands within the corporate limits, or within three miles thereof, shall be entitled to record in the recorder's office of the county without such written approval so endorsed thereon."

Following a personal inspection of the described property of appellants, Harold Fryslie refused to endorse his approval of appellants' map unless and until they dedicated a frontage road forty feet south of the Bridger Highway and coterminous with the frontage road reservation in the Green Acres subdivision. Traffic safety was ascribed as the reason for the requirement of the frontage road. In support of his decision Fryslie made reference to the regulations compiled and recommended by the city-county planning board and adopted by the city commission of the city of Bozeman, specifically requiring frontage road approaches to principal or arterial highways.

The district court sitting without a jury heard the appellants' petition, denied the writ of mandate and entered its findings of fact and conclusions of law and judgment. Appellants then appealed to this Court from the district court's final judgment; from a denial by that court of their motion to amend the findings of fact and conclusions of law; and from its denial of exceptions to the findings of fact and conclusions of law.

The trial court found that appellants' plat indicated the land to be for building purposes; that the county commission of Gallatin County may require the plat to be prepared in accordance with all of the requirements for plats of cities, towns or additions thereto, under and pursuant to sections 11-602 through 11-614.1, R.C.M.1947; that respondent Harold Fryslie, as Director of Public Service and supervisor of plats of the city of Bozeman, under and pursuant to section 11-3305, R.C.M.1947, may require and is justified in requiring in accordance with the regulations prescribed therefor that appellants' plat provide a frontage road over and across the north 40 feet of appellants' proposed plat as access to and from appellants' property abutting on Bridger Road Secondary Highway No. 293 and for the protection of through traffic on said Bridger Highway.

Appellants present five issues for determination by this Court, however, two basic issues control this matter.

First, appellants argue that the requirement for the frontage road as determined by the city commission and the county commission is an unlawful delegation of legislative power to zone the area outside the city, unless accomplished by establishing a zoning district approved by a vote of the residents therein.

Appellants rely on Plath v. Hi-Ball Contractors, Inc., 139 Mont. 263, 362 P.2d 1021, which did declare as an unconstitutional delegation of legislative powers to counties statutes empowering city-county planning boards to exercise complete control over areas contiguous, unincorporated and surrounding cities and within a 12 mile radius with a master zoning plan.

Respondents contend appellants are correct in so far as zoning is concerned and zoning, generally speaking, concerns the land use as opposed to planning and platting regulation which, although a related endeavor, is in no way to be considered zoning. This distinction is discussed by the New Mexico

Court in City of Carlsbad v. Caviness, 66 N.M. 230, 346 P.2d 310. In that case the city contended that it could prevent the transfer of a liquor license to a location outside the city limits by virtue of its extraterritorial authority to plat and plan within three miles of the city limits. The New Mexico Supreme Court stated the issue in this manner:

"The question is whether the legislature intended to include 'zoning' powers within the 'planning and platting' jurisdiction * * *".

Then, holding that zoning powers were not within the purview of planning or platting, the court noted this distinction between zoning and platting:

"While 'planning' and 'zoning' are sometimes used as synonyms and both include common objectives, the authorities are in agreement that the terms are separate and distinct. A terse summary may be found in 8 McQuillan, Municipal Corporations (3d Ed. 1957) at page 12: " 'Zoning obviously is a phase of city planning * * * However, zoning is exclusively concerned with use regulation whereas planning is broader and connotes a systematic development of a municipality contrived to promote the common interest not only with respect to the uses of lands and buildings but with respect to streets and parks, residential developments, industrial and commercial enterprises, civic beauty, public convenience and all matters embraced within the police power.' "

The New Mexico court held that the legislature had granted the cities extraterritorial jurisdiction for planning and platting; the authority did not include zoning power. An identical situation is found in section 11-3305, R.C.M.1947, which confers extraterritorial platting powers on the city; it is not an extension of zoning authority.

Concerning the validity of extraterritorial jurisdiction of municipal platting statutes the Ohio court in examination of a

statute similar to section 11-3305, R.C.M.1947, in Prudential Co-op. Realty Co. v. City of Youngstown, 118 Ohio St. 204, 160 N.E. 695, 698, said:

"Legislation has conferred upon cities regulatory powers over adjacent territory for so long a period, in so many jurisdictions, and in such a variety of matters, that the general principle has become firmly established, and, the question being one of legislative power, the inquiry must relate to the reasonableness of the regulation, and the justiciable question is whether the regulatory authority conferred has a reasonable relation to the governmental purpose to be served. * * * In numerous instances cities have been built in a haphazard fashion without definite plan and without thought of such municipal functions as providing civic centers, boulevards, scenic beauty, and without thought of other esthetic considerations, and later have sought to correct the early mistakes at enormous expense. Modern vehicular traffic requires broad highways between cities. Our State Highway Code has recognized this need by making provisions for the establishment and improvement of inter-county and main market highways. All highway exits and entrances must necessarily traverse the adjacent territory, and the statement that narrow streets and other obstructions without limit may be established by suburban owners, and that the Legislature is powerless to intervene, is a travesty on justice and government. * * *

"We entertain no doubt of the power of the Legislature to confer authority upon the planning commission to examine and check plats of lands located outside of a city within a limit of three miles, and to refuse to indorse its approval thereon, and we entertain no doubt of the validity of the statute which forbids a plat to be recorded without such indorsement."

In Billings Properties, Inc. v. Yellowstone County, 144 Mont. 25, 36, 394 P.2d 182, this Court in speaking of section 11-602(9), R.C.M.1947 (one of the sections determinative of this appeal), which was challenged as an unconstitutional delegation of

legislative power in that the city council or board of county commissioners could in their discretion in certain cases diminish or waive the area to be dedicated for parks, made the following observations:

" 'One of the settled maxims in constitutional law is that the power conferred upon the legislature to make laws cannot be delegated by that department to any other body or authority. This maxim, however, does not preclude the legislature from delegating any power not legislative which it may itself rightfully exercise. The legislature must declare the policy of the law and fix the legal principles which shall control in a given case; but an administrative officer or body may be invested with the power to ascertain facts and conditions to which the policy and principles apply. If this could not be done there would be infinite confusion in the laws, and in an effort to detail and particularize, they would miss efficiency in both provision and execution. * * * Though legislative power cannot be delegated to boards and commissions, the legislature may delegate to them administrative functions in carrying out the purposes of a statute and various governmental powers for the more efficient administration of the laws.' "

This Court in *Billings Properties* also approved the doctrine of "reasonableness" as set out in *Prudential Co-op. Realty Co.* and held that the legislature could set guidelines within which boards, commissions, and municipalties could make discretionary technical application and it was not an unconstitutional delegation merely because of this latitude or because the legislature could itself have set the standards. There is no question but that the legislature in section 11-602, R.C.M.1947, set the standards within which municipalities, planning boards and county commissions have to view plats and subdivisions with regard to layout and planning requirements as it concerns streets as well as parks and because it was not definitive as to all specific details and allows "reasonable" rules to be

formulated by virtue of the failure to apply specific requirements does not in any way constitute an unconstitutional delegation of legislative authority.

The question then becomes the reasonableness of the regulation in relation to the governmental purpose to be served and each case must be viewed in the light of its own circumstances. We have no difficulty in finding sufficient evidence to support the reasonableness of the regulation under consideration here and approved by the trial court.

The second issue that controls here, simply stated, is whether or not the acreage here being considered is merely a tract less than 10 acres to be platted by metes and bounds and a map furnished with the instrument passing title and to be recorded therewith so it can be identified by the county authorities charged with the processing of these transfers or is it a parcel less than 10 acres which comes under the classification of a subdivision being platted for building purposes which then falls within the regulatory provision of platting as set forth in the three code sections quoted above.

Both parties argued at length with considerable conviction on the subjects of the definition of maps, plats, subdivisions and related matters, and also the statutory history of the controlling statutes. The fact still remains that the statutory sections treat both types of acreage that are less than 10 acres in size and it necessarily becomes a fact situation in the final analysis as to the duties and obligations of the parties when land is subdivided from larger acreage into tracts of less than 10 acres, to be determined in each case into which classification the tract will fall and which regulations will apply. It is not unreasonable to consider the adjoining and surrounding areas, as was done here, to determine if in fact the parcel if not regulated would destroy the orderly development of the area as it pertains to public use, enjoyment, benefit and safety.

The argument by appellants that the map or plat itself did not indicate on its face that it was a subdivision or for build-

ing purposes is not sound in the sense that the language of section 11-614.1, R.C.M.1947, when it commands that "Where the survey plat indicates that the property is being *subdivided or platted* for building purposes," could very easily be interpreted to mean it must indicate and end the argument at that point. (Emphasis supplied).

In the interest of not belaboring this opinion with a full legal discussion on that point it should be sufficient to observe that if the appellant's position were to be adopted it would take the regulatory powers from the hands of the authorities constituted by statute and place it in the hands of the platter and subdivider in that they could bring in full subdivision a parcel at a time, as long as each was less than 10 acres and contained no other designation or intention, if the authorities charged by statute to regulate could not look beyond the individual plat to make their determinations.

We find sufficient evidence in the record to support the findings of the trial court.

Judgment affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN C. HARRISON and CASTLES concur.

MR. JUSTICE HASWELL, did not participate.