603 P.2d 1098 (1979)
93 N.M. 641
Tony S. PARKER, Plaintiff-Appellant,
v.
BOARD OF COUNTY COMMISSIONERS OF DONA ANA COUNTY, Defendant-Appellee.
No. 12444.
Supreme Court of New Mexico.
December 21, 1979.
*1099 Anthony F. Avallone, Las Cruces, for appellant.
Joseph M. Holmes, Asst. Dist. Atty., Las Cruces, for appellee.

OPINION
PAYNE, Justice.
Appellant filed an action for declaratory judgment in the district court challenging the constitutionality of portions of the Dona Ana County Subdivision Regulations. The trial court granted summary judgment. We affirm.
Appellant subdivided land into a Type 3 classification under Section 47-6-2(M), N.M.S.A. 1978 (Cum.Supp. 1979), and Section II-49 of the county subdivision regulations. To receive county approval and to meet with county road requirements, appellant filed a disclosure statement and agreed to surface subdivision roads with six inches of base course and two inches of asphalt within a year.
The county suspended plat approval in October 1977 because appellant failed to meet his deadline for surfacing all roads. Thereafter, the county accepted an $18,000 indemnification bond to extend for twelve months the time within which to install "two inches of hot mix asphalt." Appellant again failed to make the improvements. He now states he would suffer irreparable damage if the guarantee of performance were enforced.
The issue before us is whether the New Mexico Subdivision Act (the Act), Sections 47-5-9, 47-6-1 to 47-6-28, N.M.S.A. 1978, authorized the county to enact Section XX of its regulations. That regulation provides:
Upon approving a subdivision plat, the Commission expressly reserves jurisdiction to subsequently determine whether plat approval should be suspended or revoked because:
1. Any material misstatement or error of fact in the disclosure statement or any information upon which the Commission relied; or
2. A subsequent failure to comply with a material provision of the disclosure statement or a subsequent failure to comply with County Regulations. (Emphasis added.)
To resolve this issue we must address several points; namely, the purpose and requirements of the Act, and the requirements of due process.
*1100 With the enactment of the New Mexico Subdivision Act, the board of county commissioners was given "the power to adopt, promulgate and enforce subdivision regulations... ." El Dorado at Santa Fe, Inc. v. Board of Cty. Com'rs, 89 N.M. 313, 320, 551 P.2d 1360, 1367 (1976).
Section 47-6-9(A), N.M.S.A. 1978, of the Act provides in part:
A. The board of county commissioners of each county shall regulate subdivisions within the county's boundaries. In regulating subdivisions, the board of county commissioners of each county shall adopt regulations setting forth the county's requirements for:
.....
(5) sufficient and adequate roads;
.....
(10) any other matter relating to subdivisions which the board of county commissioners feels is necessary to ensure that development is well planned, giving consideration to population density in the area.
The concept of "well planned" development through subdivision regulations protects purchasers from unscrupulous or non-performing developers. Even after the approval of a subdivision, Section 47-6-25 clearly allows a county to revoke or suspend that approval for failure of the developer to comply with a schedule of compliance:
The board of county commissioners may suspend or revoke approval of a plat as to the unsold or unleased portions of a subdivider's plat if the subdivider does not meet the schedule of compliance approved by the board.
Sections 47-6-11 and 47-6-17 of the Act set forth specific methods for submission of information on Types 1, 2, and 4 subdivisions, requiring a disclosure statement for them. The Act does not specifically set forth a method for the smaller Type 3 subdivision, but Section 47-6-12(B) does provide the following:
Any subdivider submitting a plat of a type-three or a type-four subdivision shall submit sufficient information to permit the board of county commissioners to determine whether or not the subdivision conforms to the New Mexico Subdivision Act and the county's subdivision regulations. (Emphasis added.)
Appellant asserts that the county may not impose requirements for approval of a Type 3 subdivision beyond those of the statute. We do not agree.
The Act delegates authority to counties to adopt regulations for Type 3 subdivisions. Standards need not be specific; broad general standards are permissible "`so long as they are capable of a reasonable application and are sufficient to limit and define the Board's discretionary powers.'" City of Santa Fe v. Gamble-Skogmo, Inc., 73 N.M. 410, 417, 389 P.2d 13, 18 (1964). See also Ayres v. City Council of City of Los Angeles, 34 Cal.2d 31, 207 P.2d 1 (1949); Clark v. Town Council of Town of West Hartford, 145 Conn. 476, 144 A.2d 327 (1958); Vogel v. Board of County Com'rs of Gallatin Co., 157 Mont. 70, 483 P.2d 270 (1971); Frank Ansuini, Inc. v. City of Cranston, 107 R.I. 63, 264 A.2d 910 (1970). Because the Section 47-6-12(B) requirement of submission of "sufficient information" is general, the county is left to determine what quantum of information amounts to "sufficient information" and to specify the form for acquiring it.
The county regulations set forth requirements for developers who apply for approval of Types 3 and 5 subdivisions. One provision requires information on the surfacing of roads through the filing of a disclosure statement. Appellant complied with this requirement. The county could not consistently require a disclosure statement for approval and then not insure compliance therewith. Section XX is a reasonable exercise of the delegated power. It prevents subdividers, subsequent to plat approval, from circumventing the Act and the county regulations adopted to supplement the Act.
Appellant challenges Section XX of the county regulations as a violation of the due process clause of the Fourteenth *1101 Amendment to the United States Constitution, because he was allegedly deprived of land without just compensation. He seeks support for his position from the case of El Dorado at Santa Fe, Inc., supra, wherein this Court held:
Upon compliance with the statutory prerequisites to subdivision and sale by a subdivider, followed by a determination of the board of county commissioners that such compliance had in fact occurred, rights vest in the subdivider which cannot thereafter be withheld, extinguished or modified except upon due process of law.
89 N.M. at 319, 551 P.2d at 1366. The El Dorado holding is not applicable to the present case. We cannot equate the approved subdivision plat in this case with vested property rights, as the approval was conditioned upon performance by the subdivider. Suspension or revocation of plat approval remain realities for the developer until he complies with the reasonable conditions imposed by the county within its authority. The appellant failed to accomplish the conditions he agreed to accomplish and which were required by the county as a prerequisite to plat approval.
We affirm the trial court.
IT IS SO ORDERED.
SOSA, C.J., and FELTER, J., concur.